# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Margaret Daniels Law, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:12-cv-01502-JMC |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 21] filed July 9, 2013, regarding Plaintiff Margaret Daniels Law's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). Plaintiff filed the instant action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Magistrate Judge concluded that the Administrative Law Judge ("ALJ") did not apply the proper legal standards in making its residual functional capacity ("RFC") determination. *Id.* at 24. Accordingly, the Magistrate Judge recommends that the court reverse and remand the Acting Commissioner's final decision. *Id.* at 25.

For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report. The Commissioner's final decision is **REVERSED** and **REMANDED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the factual summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the relevant factual and procedural background in this case is warranted.

Plaintiff filed an application for DIB on February 20, 2009 regarding a disability which she alleged began on September 19, 2002. [Dkt. No. 21 at 2]. Plaintiff's alleged disability resulted from a stack of chairs falling on her right shoulder and hand and a case of wine falling on her head and right shoulder while she was at work. *Id.* at 3. Plaintiff's application was denied initially and again upon reconsideration by the Commissioner. *Id.* at 2. On September 1, 2010, Plaintiff had a hearing before an ALJ. *Id.* On September 23, 2010, the ALJ found that Plaintiff was not disabled. *Id.* In her decision, the ALJ gave the greatest weight to the medical opinion of Dr. William Isgreen (physiatrist and neurologist) who evaluated Plaintiff in February 2006 at the request of her defendant employer as part of her workers' compensation case. *Id.* at 9; (Tr. 20). Dr. Isgreen concluded that Plaintiff could use her arm for self-care and handling tasks and that she had a 31 percent whole person impairment rating. (Tr. 20). The ALJ gave some consideration to the opinion of Dr. John Branscum (orthopedist) who also evaluated Plaintiff as part of her workers' compensation case in October 2005. *Id.* Dr. Branscum opined that Plaintiff should not engage in prolonged posturing of the neck, sitting, or standing. *Id.* He found that Plaintiff had a nearly 80% loss of grip strength in her right hand. (Tr. 552). He also concluded that Plaintiff should not bend, stoop, or engage in heavy lifting and that she was limited to very simple fine manipulation with her right hand for short periods of time. *Id.*

The ALJ heavily weighed Dr. Donald Seymour's (orthopedist) February 2006 conclusions even though his report was not directly included in the record but instead was only mentioned in summary form by other medical evaluators. [Dkt. No. 21 at 10], (Tr. 20, 819-20, 849-50). Dr. Seymour gave Plaintiff a 25 to 28 percent whole person impairment rating. (Tr. 819). The ALJ seemingly gave the opinion of Plaintiff's treating physician Dr. Christopher Damon (hand surgeon) the lowest weight of the aforementioned physicians, and undoubtedly relied more heavily on Dr. Isgreen's report. (Tr. 20). Dr. Damon was Plaintiff's treating physician from May 2003 until April 2005. (Tr. 411-413). He assessed Plaintiff with a whole-person impairment rating of 45 percent and a limited "light use of her right arm with maximum lift, grip, push, and pull of 10 pounds nonrepetitively." [Dkt. No. 21 at 21].

The ALJ concluded that Plaintiff had a RFC to perform light work. [Dkt. No. 21 at 15]. Specifically, the ALJ found as follows:

> [Plaintiff] can lift 20 pounds occasionally and 10 pounds frequently. She is able to sit 20 to 45 minutes at a time, stand 20 to 45 minutes at a time, and will need the option to alternate between sitting and standing, as needed. She can occasionally perform kneeling, balancing, crouching, and stooping. She can never climb ladders, or ropes or scaffolds, or crawl and can perform tasks involving only occasional overhead reaching, and frequent handling and fingering on the right.

*Id.* The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 2. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Commissioner, denying her claim for DIB.

The Magistrate Judge reviewed Plaintiff's case and provided the Report to the court. In the Report, the Magistrate Judge found that the ALJ failed to adequately explain both the weight assigned to the opinions of Plaintiff's treating physician and the weight assigned to the opinions

3

of two of Plaintiff's examining physicians. [Dkt. No. 21 at 23-24]. The Commissioner filed objections to the above-mentioned findings of the Report. [Dkt. No. 23].

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).

"[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

**Treating Physician's Opinion**

Plaintiff contends the ALJ did not properly consider the opinions of her treating physician, Dr. Damon. [Dkt. No. 21 at 20]. Dr. Damon is a hand surgeon who diagnosed Plaintiff with symptomatic carpal boss in May of 2003 and advised her on surgery which Plaintiff underwent on her right hand in July of 2003. *Id.* at 3-4. Following her surgery, Dr. Damon observed that Plaintiff had full range in her fingers and wrist but had pain in her index and middle fingers. *Id.* at 4. Later that year, Dr. Damon noted that Plaintiff suffered from reflex sympathetic dystrophy ("RSD"). *Id.* Drs. Steven Patwell (health specialist) and Brett Mathieson (pain specialist) also found that Plaintiff had RSD during this time period. *Id.* Dr. Damon continued to treat Plaintiff in early 2004, and in June 2004 found that Plaintiff's medications provided only limited relief for her condition. *Id.* at 5-6. A few weeks later, Dr. Michael Levin (pain specialist) noted Plaintiff's "very rocky" response to her medications. *Id.* at 6.

In August 2004, Plaintiff was implanted with a temporary spinal cord stimulator. *Id.* In October 2004, Dr. Damon observed that Plaintiff's response to the stimulator was excellent although she still experienced some painful flare-ups and had peeling skin and burning parethesia on her fingertips. *Id.* at 7. Drs. Lorraine Tortosa (primary care physician) and Levin similarly observed an improvement in Plaintiff's condition in response to the stimulator. *Id.* In March 2005, Dr. Damon noted that Plaintiff was incurring mild pain and requested medication,

but that the spinal cord stimulator was still helpful. *Id.* at 8. Dr. Damon found no overt signs of RSD and that Plaintiff had a full range of motion in her wrist and fingers. *Id.*

In his final evaluation in April 2005, Dr. Damon assessed a 45 percent whole-person impairment rating and found a continued limited "light use of her right arm with maximum lift, grip, push, and pull of 10 pounds nonrepetitively." *Id.* The Magistrate Judge contends the ALJ's finding that Plaintiff could perform light work (including that Plaintiff can lift 20 pounds occasionally and 10 pounds frequently) directly contradicts Dr. Damon's final evaluation. *Id.* at 24.

The Magistrate Judge recommends that the action be remanded to the Commissioner for proper consideration of Dr. Damon's opinion. The Magistrate Judge found that Dr. Damon's opinion was not inconsistent with the other substantial evidence, and thus it was entitled to controlling weight. The Magistrate Judge also concluded that since the ALJ's RFC determination directly contradicted Dr. Damon's opinion, a more adequate explanation was warranted than that which was provided. The court agrees.

Ordinarily, a treating physician's opinion is entitled to great weight. *See Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir. 2001); 20 C.F.R. § 416.927. Where the treating physician's findings are "well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in the record", the ALJ must grant it controlling weight. *Id.;* SSR 96-2P, 1996 WL 374188 (July 2, 1996). However, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178; 20 C.F.R. § 416.927. When the ALJ decides against granting controlling weight to the treating source's opinion, the ALJ must consider a set of factors, namely: the length, nature, and extent of the treatment relationship; the frequency of

6

examination; the supportability of the physician's opinion; the extent to which the opinion is consistent with the record; and whether the treating physician is a specialist for the medical issue involved.  20 C.F.R. § 404.1527(c)(2).  The ALJ should also consider other relevant factors which include "the extent to which an acceptable medical source is familiar with the other information in [the] case record." 20 C.F.R. § 404.1527(c)(6).  Additionally, the ALJ's decision must provide an explanation with solid reasoning for reducing the weight of a treating physician's opinion.  SSR 96-2P, 1996 WL 374188 (July 2, 1996).  The Social Security Regulations state, in relevant part:

> [The ALJ's] decision must contain specific reasons for the weight given to the treating source's medical opinion…and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Id.*

The Commissioner contends that the ALJ provided sufficient justification for her preference of Dr. Isgreen's opinion over Dr. Damon's.  [Dkt. No. 23 at 2-3].  The Commissioner notes the ALJ's citing of Dr. Isgreen's opinion that Dr. Damon's examination was full of "internal inconsistencies and frank contradictions." *Id.* at 3.  However, the mere incorporation of an examining physician's conclusions about the treating physician's records, without more, is insufficient to explain the weight given to the treating physician's opinion.  The ALJ is required to make clear how the determination to give less weight to the treating physician's opinion was reached.  In the absence of specifics as to how Dr. Damon's opinion was internally inconsistent or frankly contradictory, the court is unable to conduct a meaningful review of the RFC determination.  Moreover, as the Magistrate Judge noted in the Report, Dr. Isgreen's opinion that Plaintiff's examinations have been filled with inconsistencies and contradictions appears to have

been directed at the entirety of her examinations and not particularly those of Dr. Damon. [Dkt. No. 21 at 23]; (Tr. 819).

The Commissioner also emphasizes that the ALJ found Dr. Isgreen's opinion to be more well-reasoned, supported, and consistent with examination findings than was Dr. Damon's. [Dkt. No. 23 at 3]. Nonetheless, the Commissioner asserts the ALJ's decision is largely consistent with Dr. Damon's reports, *Id.* at 2, which suggests that Dr. Damon's opinion was not inconsistent with other substantial evidence. Neither the Commissioner nor the ALJ have pointed to persuasive evidence that Dr. Damon's opinion was not well-supported and inconsistent with other substantial evidence. Without such evidence, Dr. Damon's opinion is certainly entitled to great weight and likely, controlling weight.

In the decision to grant less weight to Dr. Damon's opinion, the ALJ was required to consider: the length, nature, and extent of the treatment relationship between Plaintiff and Dr. Damon; the frequency of their examinations; the supportability of Dr. Damon's opinion; the extent to which the opinion is consistent with the record; and the fact that Dr. Damon, as a hand surgeon, is a specialist for the medical issue involved. 20 C.F.R. § 404.1527(c)(2). The Commissioner notes that the ALJ did address a factor mentioned in the catch-all category of "other factors": that Dr. Isgreen was more familiar with the other evidence in the case than was Dr. Damon. *See* 20 C.F.R. § 404.1527(c)(6); [Dkt. No. 23 at 2-3]. However, addressing this singular factor without demonstrating that the other factors were considered falls short of the explanation that 20 C.F.R. § 404.1527(c)(2) requires and does not solidly explain the weight given to Dr. Damon's opinion.

Since the ALJ's discussion of the weight given to the treating physician's opinion did not comply with the Social Security Regulations, the court accepts the recommendation of the

Magistrate Judge and remands this action to the Acting Commissioner to properly consider the appropriate weight for Dr. Damon's opinion.

**Examining Physician Dr. Branscum**

Plaintiff argues that the ALJ failed to properly consider the opinion of examining physician Dr. Branscum when she weighed Dr. Isgreen's report more heavily. [Dkt. No. 21 at 20]. The Magistrate Judge found the ALJ's explanation concerning the preference wanting. *Id.* at 23. The ALJ stated that she preferred Dr. Isgreen's opinion because it was "based on a comprehensive review of the claimant's medical records." *Id.* at 22. However, Dr. Branscum's opinion was arguably more comprehensive than Dr. Isgreen's. (*Compare* Tr. 529-553 *with* Tr. 807-820). The Commissioner responds to this point with the argument that even assuming the alleged error by the ALJ, the error is harmless and not worthy of remand. [Dkt. No. 23 at 3].

The court cannot agree with the Commissioner's assessment. Firstly, given the similarly comprehensive nature of both Dr. Branscum and Dr. Isgreen's opinions, the ALJ failed to state a sound foundation for the preference of Dr. Isgreen's conclusions over those of Dr. Branscum. Secondly, Dr. Branscum's findings are not so compatible with the ALJ's RFC determination that the court could analyze the ALJ's failure to properly consider it harmless error. Dr. Branscum concluded, among other findings, that Plaintiff experienced a nearly 80 percent loss of grip strength in her right upper extremity and that it was impossible for her to bend or stoop. (Tr. 552). Dr. Branscum also stated that Plaintiff was limited to very simple manipulation for short periods of time with her right upper extremity. *Id.* The ALJ's decision that Plaintiff can lift 20 pounds occasionally and 10 pounds frequently, as well as occasionally kneel, crouch, and stoop, does not appear to be reconcilable with Dr. Branscum's findings. Moreover, it is unclear whether the ALJ found that Plaintiff has the capacity to *frequently* handle and finger with her

9

right hand or whether she found Plaintiff can only *occasionally* perform in this manner. (*See* Tr. 17). Clarity of this finding would assist the court in determining whether it is consistent with Dr. Branscum's conclusion that Plaintiff is limited to simple manipulation with her right hand.

Therefore, the court accepts the recommendation of the Magistrate Judge and remands for proper consideration of Dr. Branscum's report.

**Examining Physician Dr. Seymour**

Plaintiff argues that the ALJ improperly weighed the opinion of Dr. Seymour despite the absence of Dr. Seymour's opinion from the record. [Dkt. No. 21 at 20]. The ALJ gave Dr. Seymour's opinion "great weight", and appeared to weigh it more heavily than the findings of Plaintiff's treating physician. In his objections, the Commissioner does not specifically address this issue, so the court refrains from making a de novo determination of this aspect of the Report.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report. The court **REVERSES** the Acting Commissioner's decision denying benefits, and **REMANDS** under 42 U.S.C. § 405(g) for proper consideration of the opinions of Plaintiff's treating physician Dr. Damon and examining physician Dr. Branscum.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 9, 2013
Greenville, South Carolina